Itria Ventures LLC v Provident Bank (2021 NY Slip Op 00257)





Itria Ventures LLC v Provident Bank


2021 NY Slip Op 00257


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Kapnick, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 653667/18 595072/20 595127/19 Appeal No. 12782 Case No. 2020-01566 2020-01936 

[*1]Itria Ventures LLC, Plaintiff-Appellant,
v
Provident Bank, Defendant-Respondent.
Provident Bank, Third-Party Plaintiff-Respondent,
v
Biz2Credit inc., et al., Third-Party Defendants-Appellants, Highcrest Capital, LLC et al., Third-Party Defendants. [And a Second Third-Party Action]


Kasowitz Benson Torres LLP, New York (Ronald R. Rossi of counsel), for appellants.
McCarter & English, LLP, New York (John R. Stoelker), and Joseph Lubertazzi, Jr. of the bar of the State of New Jersey, admitted pro hac vice, of counsel for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J), entered September 10, 2019, which, insofar as appealed from, denied the motion of plaintiff Itria Ventures LLC and third-party defendants Biz2Credit Inc. and Ramit Arora (collectively appellants) to dismiss Provident Bank's third-party claim for tortious interference with contract against Biz2Credit and Arora, unanimously modified, on the law, to dismiss the claim asserted against Arora in his personal capacity, and otherwise affirmed, without costs. Order, same court and Justice, entered February 20, 2020, which, insofar as appealed from, denied appellants' motion to dismiss in their entirety Provident Bank's fraud counterclaims against Itria and third-party claims against Biz2Credit and Arora, unanimously affirmed.
The court properly denied dismissal of the fraud claims in their entirety. The pleadings adequately allege actionable misrepresentations by appellants, including the broker appellant and Arora in his individual capacity, and also adequately allege justifiable reliance by Provident on the alleged misrepresentations. This is not a case where the issue of justifiable reliance may be resolved at the pleading stage (see Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 10 [1st Dept 2019]).
While the court correctly denied dismissal of the tortious interference with contract claim asserted against Biz2Credit, it erred in failing to dismiss the claim as against Arora in his personal capacity. The pleadings do not adequately allege that Arora acted with malice or that his actions were calculated to impair Provident's business for his personal gain rather than for the interests of his corporation (see Johnson v Cestone, 162 AD3d 526, 527 [1st Dept 2018]; Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 110 [1st Dept 2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021